Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MILLER, individually and on behalf of all others similarly situated, | Case No. 5:15-cv-03132-EJD |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | Date: December 10, 2015 |
| | Time: 10:00 a.m. |
| PREMIERE CREDIT OF NORTH AMERICA, LLC, | Courtroom: 4 |
| | Judge: Hon. Edward J. Davila |
| Defendant. | |

## 1. JURISDICTION AND SERVICE

Defendant was served on July 18, 2015, and filed an Answer on August 31, 2015. The parties agree that his Court has federal question jurisdiction under 28 U.S.C. § 1331 as the complaint alleges claims under The Electronic Funds Transfers Act, 15 U.S.C. 1693 ET SEQ. ("EFTA"), and Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b).

## 2. FACTUAL STATEMENT OF THE CASE

**Plaintiff**: This action is based upon Defendant's violations of the ELECTRONIC FUNDS TRANSFERS ACT, 15 U.S.C. 1693 et seq. ("EFTA") and TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 et seq. Plaintiff is informed and believes, and thereon alleges, that Defendant contacted Plaintiff on his cellular telephone number ending in -4265, in an attempt to collect an alleged outstanding debt owed. Defendant called Plaintiff on a virtual daily basis. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Plaintiff seeking to collect the debt allegedly owed. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

Further, Beginning in and around October 2014, Defendant began withdrawing payments from Plaintiff's bank account without his authorization. Defendant charged these payments on October 31, 2014, November 13, 2014, December 13, 2014, and January 16, 2015. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic writing memorializing or authorizing the recurring or automatic payments. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

Plaintiff alleges that such action on the part of Defendant is systemic and widespread, and asserts his claims on behalf of a proposed class of similarly-situated putative class members.

**Defendant:** Defendant disputes Plaintiff's allegations and denies that any statutes have been violated. Defendant had "prior express consent" to call Plaintiff, and Plaintiff authorized the payments at issue.

3. **LEGAL ISSUES**

**Plaintiff:** Plaintiff asserts that no triable issues of material fact exist with regard to Defendant's violation of the EFTA, as Plaintiff never executed a signed writing, and as multiple recurring payments were deducted from Plaintiff's bank account, by Defendant, pursuant to an EFT. Plaintiff asserts that no triable issues of material fact exist with regard to Defendant's violation of the TCPA, as Plaintiff did not provide consent to be contacted by Defendant, and the calls placed to Plaintiff's phone were made using an ATDS.

**Defendant:** Defendant disputes Plaintiff's allegations and denies that any statutes have been violated. Defendant had "prior express consent" to call Plaintiff, and Plaintiff authorized the payments at issue.

4. **MOTIONS**

**Plaintiff:** At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company comes to light during the discovery process. Plaintiff contemplates filing a motion for class certification, at the appropriate time, and after Plaintiff has had a reasonable opportunity to conduct discovery. Plaintiff anticipates filing his motion seeking class certification in October, 2016.

**Defendant:** Defendant anticipates filing a motion for summary judgment or other dispositive motion.

## 5. AMENDMENT OF PLEADINGS

At this time, it is possible that Plaintiff will file a motion to add other parties if a third-party dialing company comes to light during the discovery process.

## 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and understand their obligations to preserve evidence relevant to the issues reasonably evident in this action.

## 7. INITIAL DISCLOSURES

The parties agree that initial disclosures will be served on December 16, 2015.

## 8. DISCOVERY PLAN

**Plaintiff:** Plaintiff will be seeking the following categories of documents in discovery. Plaintiff may need additional categories of documents depending on what information is provided to Plaintiff and depending on how Defendant maintains their data:

- Documentation regarding Defendant's time-barred debt policies and procedures, including its disclosure procedures when collecting from and speaking to consumers;
- Documentation regarding Defendant's EFT procedures;
- Documentation regarding any written authorization received from consumers, to automatically deduct sums, on a recurring basis, from consumers' bank accounts; and
- Documentation showing Plaintiff's alleged debt and Defendant's collection efforts on Plaintiff.

Documentation regarding the alleged autodialer/text campaign conducted by Defendant;

Documentation regarding Defendant's outbound dial list generated by any predictive dialer or ATDS to cell phones;

Documentation regarding cellular phone numbers that have provided prior express consent to receive text messages from Defendant;

Documentation showing Defendant's consent to place debt collection calls using an ATDS, to consumers' cell phones; and

Documentation regarding the usage of Defendant's ATDS;

Plaintiff intends to depose Defendant's Person Most Knowledgeable regarding its policies and procedures regarding EFT policies and procedures, written authorization procedures, debt collection practices, regarding Plaintiff and putative class members, the equipment used to place calls to Plaintiff and putative class members, as well as Defendant's policies and procedures regarding outbound calls made to Plaintiff and putative class members.

With regard to the written discovery and depositions that Plaintiff intends on conducting, Plaintiff would respectfully submit that no limitations or phases should be imposed on conducting the discovery.

Plaintiff proposes a discovery cutoff date of December 30, 2016.

**Defendant:** Discovery is needed regarding the debt at issue, the nature and extent of the contacts between the parties, issues regarding "prior express consent" to call Plaintiff and/or the putative class members, Plaintiff's authorization for the withdrawals at issue, Plaintiff's claims and alleged damages, and Defendant's affirmative defenses. Defendant anticipates propounding interrogatories, requests for admissions and requests for production of documents. Defendant anticipates deposing Plaintiff, other putative class members, and/or any third parties with pertinent knowledge. In addition, Defendant will likely serve records subpoenas to Plaintiff's telephone service provider and other third

parties.  Because the TCPA has a four-year statute of limitations, Plaintiff's class-related discovery may require that Defendant extract over four years' worth of electronic data, a portion of which is warehoused and archived, and any third-party discovery will be similarly broad in scope.  Class discovery in this matter is therefore likely to be complicated, very expensive, and time-consuming.  Defendant requests that class discovery be postponed until discovery on Plaintiff's individual claims have been completed.  Otherwise, Defendant does not request any discovery limitations at this time.  Defendant will likely seek a stipulated protective order.  Defendant has currently not retained any experts, but will likely do so as Plaintiff's TCPA claims involve very technical issues.  Defendant agrees with Plaintiff's proposed discovery cutoff date of December 30, 2016.

### 9. CLASS ACTIONS

This is a class action.  Plaintiff requests deadline of October 26, 2016 for filing of his Motion for Class Certification.

**Defendant:** Defendant agrees with Plaintiff's requested deadline of October 26, 2016 for the filing of Plaintiff's Motion for Class Certification.

### 10. RELATED MATTERS

At this time, the parties are unaware of any other actions which might relate to the present matter.

### 11. DAMAGES

Plaintiff: Plaintiff prays for the following:

1. Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);
2. Actual damages;

3. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);
4. an award of statutory damages of $500.00, pursuant to 47 U.S.C. § 227(b)(1), for each and every negligent violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
5. an award of statutory damages of $1,500.00, pursuant to 47 U.S.C. § 227(b)(1), for each and every knowing and/or willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);
6. injunctive relief prohibiting such conduct in the future;
7. For prejudgment interest at the legal rate; and
8. Any other relief this Honorable Court deems appropriate.

## 12. SETTLEMENT

The parties previously stipulated to participate in mediation. The parties' stipulation was approved by the Court on November 20, 2015. (ECF No. 16.) The parties will also engage in informal settlement discussions through their respective counsel.

## 13. MAGISTRATE CONSENT

The parties have not mutually agreed to consent to proceeding before a magistrate judge.

## 14. INDEPENDENT EXPERT OR MASTER

The parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert. The parties further agree that this case is not suitable for reference to binding arbitration, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

**Plaintiff:** Plaintiff does not believe that bifurcation or phasing is necessary or prudent.

**Defendant:** Unknown at this time.

**16. EXPEDITED TRIAL PROCEDURE**

The parties do not agree that this case can be handles under the Expedited Trial Procedure of General Order No. 64

**17. SCHEDULING**

The parties propose the following dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| | |
|---|---|
| Fact Discovery Cut-off | December 30, 2016 |
| Last Day to Serve Initial Expert Reports | October 28, 2016 |
| Last Day to Serve Rebuttal Expert Reports | November 25, 2016 |
| Expert Discovery Cut-Off | December 13, 2016 |
| Deadline to File Dispositive Motions | January 13, 2017 |
| Pretrial Conference | March 15, 2017 |
| Trial (Est. days) | March 21, 2016 – 2-3 Days, Jury Trial Requested |

**18. TRIAL**

**Plaintiff:** Plaintiff estimates a 2-3 day jury trial with three witnesses to be called by Plaintiff. Plaintiff's witness list will most likely grow after individuals

are identified during the course of discovery. Plaintiff will be represented by Todd M. Friedman at trial.

**Defendant:**

Defendant estimates a 5-7 day trial. Defendant has also requested a jury.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** Plaintiff has yet to file a notice of interested entities, but knows of no such persons or entities with any such interest in Plaintiff's claims.

**Defendant:** Defendant filed its corporate disclosure statement on August 31, 2015. (ECF No. 13.)

**20. PROFESSIONAL CONDUCT**

The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California. The parties' counsel of record have been working together cooperatively, professionally and cordially without issue thus far, and do not anticipate that to change in any way.

**21. OTHER ISSUES**

None

Dated**:** December 3, 2015            **Law Offices of Todd M. Friedman, P.C.**

                                       By: /s/ Adrian R. Bacon
                                            Todd M. Friedman, Esq.
                                            Adrian R. Bacon, Esq.
                                            Attorneys for Plaintiff

Dated: December 3, 2015                **Carlson & Messer LLP**

                                       By:   s/Martin Schannong
                                             Charles R. Messer
                                             David J. Kaminski
                                             Martin Schannong

Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Martin Schannong, counsel for Defendant and that I have obtained Martin Schannong's authorization to affix his electronic signature to this document.

Dated**:** December 3, 2015          **Law Offices of Todd M. Friedman, P.C.**

                         By: /s/ Adrian R. Bacon
                               Todd M. Friedman, Esq.
                               Adrian R. Bacon, Esq.
                               Attorneys for Plaintiff

Filed electronically on this 3rd day of December, 2015, with:
United States District Court CM/ECF system

And hereby served upon all parties

Notification sent on this 3rd day of December, 2015, via the ECF system to:

David J. Kaminski, Esq.
Martin Schannong, Esq
Carlson & Messer LLP
Attorneys for Defendant

By: s/Adrian R. Bacon
    Adrian R. Bacon